# Berghaus *against* Alter.

It is not a valid objection to a deposition taken upon a commission in another state, that when the rule was entered, two commissioners were named by the party, and the commission issued to both or either of them.

B having purchased of A at different times, several bills of goods at six months credit, gave a note at twelve months, with C as collateral security for payment; subsequently several other purchases were made upon the same terms, during the twelve months, and subsequently, B made payments on account, which were credited generally in the books of A without any special appropriation: *Held,* that such payments must be appropriated to the payment of the goods first due, and consequently in relief of C the surety in the note of B.

ERROR to the common pleas of *Dauphin* county.

Jacob Alter, Thomas Taylor and Solomon J. Dewey, trading in the name of Alter, Taylor & Dewey, against Henry C. Berghaus, who is a co-promissor with George H. Berghaus.

[Berghaus v. Alter.]

This was an action of debt upon a note.

" Philadelphia, 4th February 1836.   Twelve months after date we or either of us promise to pay to the order of Alter, Taylor & Dewey, two .thousand dollars, without defalcation for value received.                                        GEO. H. BERGHAUS.

$2000      ·                               HENRY C. BERGHAUS."

The note having been read in evidence by the plaintiffs, the defendant offered in evidence the deposition of G. H. Berghaus, taken under a commission, having first produced the release of the defendant to him; objected to by Hamilton Alricks.

1. That the witness is also a co-promissor in the note, and is to show payment of his own note.

2. That he is interested in the event of the suit, as this verdict could be given in evidence for or against him in a subsequent suit.

3. That *quo adhoc*, the two promissors are partners.

Objection overruled as to the competency of the witness, and decision excepted to, as to the subject matters of the testimony.

The plaintiff then further objected to the reading of the deposition, on the ground that the rule and notice for the commission, was of a commission to R. H. Chinn and Todd Robinson, Jun., and the commission is only executed by R. H. Chinn.   Defendant offered also to prove, that this deposition had been filed of record ever since the 28th of April 1838, without any objection being made of its being defectively executed, and was offered in evidence on the former trial of the cause without objection, except as to competency of witness.

Objection sustained and defendant excepted.

The commission was as follows:

Dauphin county, ss.—To Richard H. Chinn and Todd Robinson, Jun., Esquires, Attorneys at Law of New Orleans, in the state of Louisiana, Greeting:

Know ye, that, in confidence of your prudence and fidelity, we have appointed you, and by these presents do give unto you, or either of you, full power and authority, in pursuance of an order made in our court of common pleas, for the county of Dauphin, in a certain cause there pending, wherein Jacob Alter, Thomas Taylor, and Solomon J. Dewey, negotiating in business in the name of Alter, Taylor & Dewey, are plaintiffs, and Henry C. Berghaus, who is a copromissor in a joint and several note with George H. Berghaus, is defendant, to call before you, or either of you, at a certain day and place by you for that purpose to be appointed, all and every person and persons who may be named to you, as well on the part of the plaintiff as on the part of the defendant, or either of them, as witnesses touching the premises mentioned in the interrogatories hereto annexed, and reduce their testimony to writing; and .when you shall have so done, you are to send the same before us, in our court of common pleas aforesaid, together with the interrogatories and this writ, under your hands and seals, or of such of you as shall

[Berghaus v. Alter.]

act therein. In testimony whereof, we have caused the seal of our said court to be hereunto affixed. Witness my hand at Harrisburg, the fourteenth day of March, A. D. eighteen hundred and thirty-eight. GEORE MISH, Prothonotary.

The defendant then gave in evidence as follows:

November 7, 1834, letter of plaintiffs acknowledging the receipt of draft on the Commercial Bank for 500 dollars, "placed to the credit of your account."

December 20, 1836, letter of plaintiffs acknowledging the receipt of 54 dollars, "which will be placed to the credit of your account."

March 29, 1837, letter of plaintiffs as follows:

"Doctor George H. Berghaus:

"Dear Sir:—Your favour of the 18th inst., inclosing twelve hundred dollars, is duly received, and the same passed to the credit of your account. We will immediately forward you the champagne, as ordered, and bill of lading in a few days. Your determination to rather look at your goods, than at a list of bad debts, is certainly correct, and we advise you to adhere to that course. At the commencement of your business, you very frankly told us your situation, being without capital, &c. &c. We have credited to you a large amount under such circumstances, and it is well known, both to yourselves and us, that we had unlimited confidence in your honesty and honour; and, under all existing circumstances, which it is needless to again mention, you certainly cannot expect us to give up the note of your father for 2000 dollars, when it was first given us as collateral, and is, in fact, the only security that we have for the whole, or any part of our claim; and if you will for a moment reflect, you would not certainly again ask such a thing, and we consider it just to at once frankly give you our ideas; and that is, we are justifiable in holding said note as a collateral, and yet, at the same time, have no hesitation in saying that our confidence in your honour and honesty, and our feelings of friendship towards you are still unlimited and unimpaired. The times in our eastern cities have been desperate, which you are fully apprised of by all late accounts, and we hope you will lose no time in making further remittances."

The court were requested to charge the jury upon the following points, and which they thus answered:

1. That the receipts given in evidence being for sums of money paid by George H. Berghaus to plaintiffs, and expressed on their face to be "on account," are to be considered as payments in ease of Henry C. Berghaus, the surety, on account of the note in suit, and therefore that plaintiffs are not entitled to recover.

The first point propounded by defendant, asks the court to construe the payments according to the terms of the receipts alone, exclusive of the other evidence in the cause, and assumes the fact that Henry C. Berghaus is the surety. The court say to you, in answer to this point, that, if Henry C. Berghaus was a surety, and

[Berghaus v. Alter.]

these sums were paid on account generally, and no appropriation directed by the payor at the time, and none made by the creditors at the time, these payments ought to be credited in ease of the surety, provided the debt for which he was surety was then due and payable.

2. That there is here no evidence showing that the note in suit was given as a collateral security for goods to be purchased after its date; and, therefore, if it is to be considered as a collateral security, it can only be considered as a collateral security for the goods purchased on the 16th of October 1835.

To the second point: That, in the opinion of the court, there is some evidence on the subject of this note being given as a collateral security, but for what, does not, in the opinion of the court, distinctly appear; and it will be for the jury to determine for what it was collateral security, if collateral security at all. If they find it was not given as a collateral security for goods to be thereafter purchased, then, if treated as a collateral security, it can only be considered as such for the goods purchased on the 16th of October 1835.

3. That the receipts given in evidence by the defendant, being expressed to be for moneys paid "on account" generally, are to be considered as not appropriated either by the plaintiffs or the defendant at the time of payment; and, therefore, the law will apply them to the first items of indebtedness, or to the oldest debt, and particularly so in this case, when, if thus applied, they will go in ease of a surety.

To the third point: That if the jury shall find from all the evidence, that the moneys were paid generally on account, and not appropriated, as before stated, the law will apply them to the first item of indebtedness then payable, and this, whether in ease of a surety or not.

4. That the receipts given in evidence by the defendant, being for so much money paid generally, and as expressed in those receipts "on account," are to be considered as payments on George H. Berghaus's account generally, and are not, or were not at the time of the payments, specifically appropriated to any particular account; and, therefore, the law will appropriate them to the first items in the account, and to the oldest debt.

To the fourth point: That if the receipts given in evidence by defendant, are to be considered as payments on George H. Berghaus's account generally, and were not appropriated by either debtor or creditor, as before stated, the law will appropriate them to the first items in the account then payable; and, in answer to both the 3d and 4th points, the court say that the time at which the debt accrued is not the criterion, but the time when the debt was due and payable.

5. That if the jury believe this note was given as a collateral security, it can only be here extended so far as to embrace the goods

[Berghaus v. Alter.]

purchased on the 16th of October 1835, by George H. Berghaus; and that the payments first made by George H. Berghaus to the plaintiffs, or so much as may be necessary, were not specifically appropriated at the time of payment by George H. Berghaus to other accounts, and therefore must be applied by plaintiffs to the note in suit.

To the fifth point: If the jury believe the note in question was given as collateral security, the jury must next determine, from the evidence, for what it was collateral security. If they think it only embraced the goods purchased on the 16th of October 1835, they will confine it to that. If George H. Berghaus did not specifically appropriate the first payments he made, at the time of making such payments, the plaintiffs were not obliged to apply them to the note in suit, but could make the appropriation of them to either debt due them, as before stated.

6. That if at the time this note was forwarded by Henry C. Berghaus to the plaintiffs, on the 11th of February 1836, it was forwarded in payment of the draft accepted by them, dated the 16th of October 1835, no subsequent arrangement of plaintiffs and George H. Berghaus could convert it into a collateral security for any goods purchased after the 16th of October 1835, without the consent of Henry C. Berghaus, the surety, and that here no testimony has been given to show that the surety ever assented to such arrangement.

To the first proposition contained in the sixth point the court assent, and charge you as requested; and they say to you, that they have not been able to discover any thing in the evidence to show that Henry C. Berghaus ever altered or extended his original undertaking after giving the note in question.

7. That if, from defendant's own showing, the payments by George H. Berghaus of 500 dollars, received by plaintiffs on the 7th of November 1836; 54 dollars December 20th, 1836; 1200 dollars 29th of March 1837, were received by them "on account" generally, and not then specifically appropriated by them, they could not appropriate them on the 31st of July 1837, to any account other than the oldest indebtedness, to the prejudice of the surety, Henry C. Berghaus, who has the right to claim now that they should have appropriated to the note in suit, in ease of him who was a mere surety.

To the seventh point: The court say, that if you find the payments by George H. Berghaus, of 500 dollars, received by plaintiffs on the 7th of November 1836; 500 dollars December 8th, 1836; 54 dollars December 29th, 1836; 1200 dollars on the 29th of March 1837, were received by plaintiffs generally, and not then specifically appropriated, they could not, on the 31st of July 1837, change the appropriation to the prejudice of the surety, Henry C. Berghaus. And if the debt for which he was surety was the oldest debt, and the longest due, he would have a right to claim the payments to be

[Berghaus v. Alter.]

appropriated in ease of himself, as such surety, if they had not been appropriated at the times of payment, or within a reasonable time thereafter.

8. That the letter of the 18th of March 1837, from George H. Berghaus to the plaintiffs, enclosing 1200 dollars, is to be considered as directing the appropriation of that sum to the note in suit, that the plaintiffs were bound, at the receipt of that money, so to apply it, and no subsequent arrangement between plaintiffs and George H. Berghaus could change that appropriation to the prejudice of Henry C. Berghaus, the surety in this note, without his consent.

To the eighth point: The court say they do not consider this letter of the 18th of March 1837, as directing the appropriation of the 1200 dollars thereby remitted to the note in suit; but, if it did, the plaintiffs were bound so to appropriate it, and no subsequent arrangement between the plaintiffs and George H. Berghaus could change that appropriation to the prejudice of Henry C. Berghaus, without his consent.

9. That if, from all the testimony and circumstances of this case, the jury believe that the payments of 500 dollars on the 7th of November 1836; 500 dollars December 8th, 1836; 54 dollars December 20th, 1836, and 1200 dollars March 9th, 1837, were intended when remitted by George H. Berghaus, (or so much of them as was necessary,) to be applied to the note in suit, the plaintiffs were bound so to appropriate them, and not having done so at the time of their receipt, the jury may appropriate them, or so much of them as may be necessary to the extinguishment of the note it suit.

To the ninth proposition the court assent, provided such intention of George H. Berghaus were communicated at the time to plaintiffs, and we charge you, as therein requested, with this qualification.

In considering the answers which the court have made to the points propounded, you will bear in mind the law as laid down in the general charge given to you; and taking all the facts into consideration, and applying the law to them, do justice to these parties, according to the evidence in the cause.

The court think that the law, and the facts of the case, are with the plaintiffs; but, of course, you will decide the facts for yourselves. You will suffer no feelings for or against either of the parties to have any influence upon your judgments, but will hold the parties responsible, just according to the contracts into which they have entered, and in the manner in which they have so bound themselves.

Filed at the request of the counsel on both sides, both of whom except to it.

*J. A. Fisher,* for plaintiff in error, on the subject of the rejection of the deposition taken upon the commission, cited 1 *Har. Chan. Prac.* 431, 435, 462; 1 *Trou. & Hal.* 313; 1 *Bin.* 436; 13 *Serg. & Rawle* 323; 14 *Serg. & Rawle* 324; 16 *Serg. & Rawle* 385; 1 *Watts* 408.

[Berghaus v. Alter.]

*Hamilton Alricks,* for defendant in error, on the same point, cited 3 *Wash. C. C. Rep.* 31, 41; 1 *Wash. C. C. Rep.* 43; 4 *Dall.* 410; 1 *Yeates* 302.

The opinion of the Court was delivered by

KENNEDY, J.—The first error assigned is, that the court rejected the testimony of George H. Berghaus, taken under a commission, directed to Richard H. Chinn and Todd Robinson, Jun., Esquires, of the city of New Orleans, authorizing them, or either of them, to take it, when it ought to have been received. The objection to the admission of this testimony was made in the court below, first, on the ground that George H. Berghaus, being a joint and several drawer, with the defendant, of the note on which this action is brought, had such an interest in the event of the action, although released by the defendant, as to render him incompetent to give testimony; and, secondly, that the rule entered for issuing the commission, notice of which was duly served upon the attorney below for the plaintiffs there, directed, as it was alleged, that the commission should be issued, authorizing the commissioners named therein to execute it jointly, and not either one of them to do it, as was done. The court overruled the first ground of objection, but sustained the latter. George H. Berghaus being released from all liability to the defendant, for and on account of the costs and charges to which the latter might be subjected by means of this suit, we think the court below were right in pronouncing him a competent witness. A judgment against the defendant could not affect George H. Berghaus directly, nor would it be evidence for the plaintiffs in an action brought by them on the note against George H. Berghaus, because he is no party to it, and had no right to claim to be heard in court on the trial of the cause. It would, therefore, be most obviously unjust to conclude him by a judgment in a suit when he was not a party, and could not claim to be heard. Suppose the judgment in this suit had been against the plaintiffs below, it would scarcely be imagined, I apprehend, that it would have been a bar to a recovery, in an action brought by them, on the same note, against George H. Berghaus. Now if it would not, it would be unreasonable to hold, that a judgment here would be evidence conclusive against him, unless it were to be held, on the other hand again, that a judgment here, in favour of the defendant, would be evidence conclusive in favour of George H. Berghaus. To operate as an estoppel, it must have a reciprocal effect, so that either party may have the benefit of it. Besides, it cannot be said here, that George H. Berghaus had even an interest in this question put in issue, because his liability to the plaintiffs below for the same amount of money claimed in this action, was not denied or contested. The only point of difference between him and the plaintiffs was, as to the appropriation of the moneys, admitted to have been paid by him to them. If he had any interest then at

[Berghaus v. Alter.]

all in this suit, it could not be a pecuniary one, but such merely as might be naturally imputed to arise from the relationship that existed between him and the defendant, and a conscientiousness on his part, perhaps, that he had been the occasion, in some measure, of bringing his father into the trouble of attending to and defending this suit.

Now, as to the second ground of objection, we conceive that the court erred in regard to it, and that the testimony ought to have been admitted. We do not consider that the rule entered for issuing the commission, nor that the notice given to the counsel of the adverse party, necessarily imported that the commission intended to be taken out, was to be one, giving authority to the two gentlemen, named as commissioners, to act jointly in the execution of it, and not otherwise. The most that seems to be contained in the rule, as to this, is a mere nomination of the commissioners, without any explicit declaration of a wish or design, that they should be authorised to execute the commission unitedly and not either one singly. As to this latter matter, it seems to have been left to the clerk to make it out in the usual form, or, at all events, the clerk was not restrained, by the terms of the rule, from making out the commission as he did, so as to give authority to either of the commissioners to take the testimony. I would further observe that such objections are not entitled to favour, when taken at so late an hour as in this instance. We, therefore, think the testimony ought to have been received.

The second error consists of several bills of exception to evidence admitted by the court. It is, however, sufficient, without noticing them in detail, to say, that no one of them, in our opinion, has been sustained.

The remaining errors are exceptions to certain parts of the charge of the court delivered to the jury, and to answers of the court on points submitted by the counsel of the defendant below. We are unable, however, to perceive any error in these exceptions, except as to one matter, which embraces the instruction given by the court to the jury, in regard to the appropriation of the various sums of money, paid at different times by George H. Berghaus to the plaintiffs below.

In the first place it is proper to observe, and it must be borne in mind throughout, that the note in suit was given to secure the payment of a debt created by George H. Berghaus, for his own exclusive benefit: and that he must, therefore, be regarded as the principal debtor, and the defendant as his surety merely. That such is the fact appears most conclusively, not only from the books of the plaintiffs below, but likewise from the written correspondence between them and George H. Berghaus. Again, it is also equally proper to observe and bear in mind, that, from the letters of the plaintiffs below to George H. Berghaus and his letters to them, it appears, to a degree of certainty that admits of no doubt, that the

IX.—2 I

[Berghaus v. Alter.]

note in suit was considered as having been given and accepted as a mere collateral security for the payment of the price of certain goods, previously sold and delivered by the plaintiffs below to George H. Berghaus, and charged to him in their books of account. That it was given and taken as such security is most explicitly assented to by the parties in their written correspondence; and seeing it is for the benefit of the defendant that it should be so considered, especially as he is only a surety, he has a right to claim that the plaintiffs below shall be bound by their agreement or assent in this respect; and that they shall not now be permitted to say that the note was taken in payment of the book debt of George H. Berghaus, which formed the consideration of it, and, therefore, such book debt has become thereby extinct. It must, however, be admitted, that it seems to appear, from the circumstance of the note being credited to George H. Berghaus, in the plaintiff's books of account, against him, in the same manner as if it had been so much cash paid, and also from the testimony of William J. Dewey, a brother of one of the plaintiffs below, that the note was taken in satisfaction of the debt for which it was given, and not as a collateral security. But it would not be safe, nor would it be right to suffer such evidence to control and set aside the express written agreement, as it were, of the parties on the subject; plainly showing the contrary. Nor is this all, for, on the 15th of October 1836, the plaintiffs and George H. Berghaus stated their mutual accounts, striking a balance against him of 4124 dollars and 33 cents, in which they charge him with interest on the book debt, from the time it originally was to have been paid, for which the note was given, though the note was drawn extending the payment of the money mentioned in it to a date nine months and a half later, thus showing, most clearly, that the book debt, for which the note was given, was not considered as thereby extinguished, but that it still remained in force, bearing interest from the date at which it was to have been paid, according to the terms of the original agreement under which the debt was first created. This could not have been done had the note been taken in discharge of the debt, because the note did not bear interest; and to have charged interest on a debt that had been extinguished before the time for which interest was charged commenced, would not only have been unjust but absurd: and, therefore, such charge is only reconcilable with the fact, that the note was taken merely as a collateral security. The note then being taken as a collateral security only, and the debt for which it was taken still remaining in force as a book debt, and there being no evidence given on the trial tending to prove that the time for paying it was extended by agreement, in connection with giving the note beyond the period fixed on at first, it followed, as an inevitable consequence, that the book debt, on account of which the note was given, still stood open against George H. Berghaus, and that he, notwithstanding the note, remained liable to pay it, as soon as

[Berghaus v. Alter.]

the time should come around at which it was originally agreed to
be paid.    The goods then having, as it would seem, been all pur-
chased on a credit of six months, and that portion of them, for
which the note was given, having been purchased first, became of
course payable first.    Hence all payments made by George H.
Berghaus subsequently to the plaintiffs, for which receipts were
given, expressing the money to have been received " on account"
generally; or a credit given therefor in the books of the plaintiffs
generally, without making any special appropriation of the same,
when none had been made by the payer, would be appropriated
by law to the payment of the book debt, for which the note had
been taken as a collateral security; for, although the note might, at
the time, not have become payable, yet the book debt for which it
was given had, which was sufficient to warrant the appropriation
to the latter.    It is true, however, that a different appropriation was
made afterwards, between the plaintiffs below and George H. Berg-
haus, but this was some time after the law had interposed itself
and made the appropriation which would go in discharge of the
debt for which the note was given.    And had no one been inte-
rested in the appropriation, made by law, of the moneys previously
received, it would have been perfectly competent for them, by their
subsequent agreement, to have changed the appropriation so made
by law as they pleased.    But then the previous appropriation made
by law went to discharge the defendant below, who, being a mere
surety, derived no benefit whatever from the debt, and being once
discharged from his liability as such, his obligation could not be re-
vived subsequently without his assent, which is not pretended to
have been obtained to the appropriation, made by the plaintiffs
below and George H. Berghaus, when the balance of 4124 dollars
and 33 cents was struck against him, and for which it would ap-
pear that he gave his note to the plaintiffs.    The court below, in
presenting this case to the jury, seem to have taken up the notion
that the payments made by George H. Berghaus to the plaintiffs
below, before the note in suit became payable, could and ought
not to be applied by the jury to the discharge of it, unless applied
specially in that way at the time when made.    Had not the *origi-
nal promise*, made by George H. Berghaus to the plaintiffs below,
to pay the debt for which the note was given, been still in force,
the opinion entertained by the court, in this respect, might have
been correct.    But the note being taken merely as a collateral se-
curity, that original promise remained in full force and unextin-
guished notwithstanding; and being the first engagement made by
George H. Berghaus, in point of time, under which moneys could
or did become payable by him to the plaintiffs below, all moneys
paid by him to them generally, and not otherwise appropriated *at
the time of payment*, ought to have been considered as paid in
discharge of it.    This would have been, in effect, applying it to the
discharge of the note, though no mention whatever was made of

it.   Had then the 500 dollars, credited in the book of the plaintiffs below generally, on the 7th of November, and the like sum credited in like manner on the 19th of December 1836, and 54 dollars in the same way on the 12th of January, together with 1200 dollars on the 27th of March 1837, been appropriated by the jury in the manner last mentioned, as we think it ought to have been, though, under the instruction of the court below could not very well be done, the debt, for which the note was given, would have been discharged, and consequently the note itself have been paid; and, of course, a verdict have been given for the defendant below.   Not being able to accord with the court, in the direction given by them to the jury, in relation to this branch of the case, we think the judgment ought to be reversed on this account, as well as on account of the rejection of the testimony of George H. Berghaus.

Judgment reversed, and a *venire de novo* awarded.