To the first question it was answered by the defendant’s counsel, and allowed by-the Court, that the articles of copartnership, being
 
 res inter alios acta,
 
 the limitations could not be known, and therefore, ought not to affect the defendant, if he acted under a legal authority.
 

 (a)
 

 With respect to the second question, it was unanimously resolved by the Court, that one of two partners may give an authority to a clerk, under the firm name of the house; and that the clerk may, in consequence thereof, accept bills, and sign or indorse notes, in the name of the company. And it was said by McKean, Chief Justice, that this case could not be properly compared with the case of an attorney, ’’’without power of substitu*270] tion: for the attorney cannot exceed the letter of his authority, being nothing more than an agent himself ; but each partner is a principal; and it is implied in the very nature of their connection, that each has a right to depute and appoint a clerk to act for both, in matters relative to their joint interest,
 

 (b)
 

 Verdict for the defendant.
 

 (a)
 

 See Gill v. Kuhn, 6 S. & R. 333; Forrest
 
 v.
 
 Wain, 4 Yeates 337.
 

 (b)
 

 See Gerard v. Basse, ante, p. 119, and the note; and see also Baird
 
 v.
 
 Cochrane, 4 S. & R. 397; Salmon
 
 v.
 
 Davis, 4 Binn. 375; Hourquebie v. Girard, 2 W. C. C. 212.
 
 [1]
 

 [1]
 

 In Moddewoll
 
 v.
 
 Keever, 8 W. & S. 65, Chief Justice Gibson, without directly pronouncing on the authority of Tillier
 
 v.
 
 Whitehead, as a precedent, says that each partner is, doubtless, a principal, so far as regards his personal interest in the concern; but an agent aa regards the interests of his associates; he would scarce seem, therefore, to be warranted, by principles drawn from analogy, in committing the stewardship of their property to a stranger