*Serg. & R,*
*3 s r402*
*132    93*

*Chambersburg.*

PURVIANCE *against* DRYDEN, senior.

IN ERROR.

*Monday,*
*September 29.*

If a writ be issued against two, and only one be taken, and the suit proceed against him alone, the other is not excluded from being a witness on the ground that he *is* a party to the suit.

A deposition taken on a commission, was entitled in a suit by the plaintiff against the defendant and another, who had not been summoned and did not appear, and the defendant filed cross interrogatories; *held,* that it

ERROR to the Common Pleas of *Franklin* county, and bill of exceptions.

*Samuel Dryden,* sen., commenced this action by issuing a summons in debt founded on assumption for money had and received, money laid out and expended, and money lent, not exceeding 1500 dollars, against *Samuel Purviance* and *Samuel Dryden,* jun. The summons was served on *Purviance* only, and he alone appeared. A statement was afterwards filed as follows :

"*Samuel Dryden,* sen.
  v.
"*Samuel Dryden,* jun.
  & *Samuel Purviance.*

" The plaintiff's demand is founded on the assumption of the defendants, *Samuel Dryden,* jun. and *Samuel Purviance,* to pay the said plaintiff, the sum of 1000 dollars, with interest from the 4th *November,* 1806. The said defendants,

was a mere clerical mistake, and that this Court would consider it as if it had been amended below.

A statement under the act of 21st March, 1806, is not confined to any particular form. It is not error if it states the cause of action to be founded on an assumption by the defendant and another who was not summoned, and did not appear.

A witness is incompetent on the ground of interest, who is offered by the plaintiff to prove, that the witness received the money for which the action is brought on account of a firm in which he and the defendant were the partners, that he paid it over to the defendant, who paid it away principally for debts of his own, contracted before the partnership.

*Samuel Dryden,* jun. and *Samuel Purviance,* then being indebted to the said *Samuel Dryden,* sen. for the like sum of one thousand dollars, before that time paid, laid out, and expended, to the use of the defendants, by the said *Samuel Dryden,* sen. at the special instance and request of the said defendants, as well as for the like sum had and received by the defendants to the use of the plaintiff, 1000 dollars.

" Interest from the 4th *November,* 1810."

The cause went on to trial against *Purviance* alone. On the trial, the plaintiff gave evidence of a partnership between *Purviance* and *Samuel Dryden,* jun. in the concern of storekeeping, and then offered in evidence the deposition of *Samuel Dryden,* jun. taken on a commission, to prove, that he received the money for which this suit was brought, on account of the partnership, and paid it over to his partner *Purviance,* who paid it away principally for debts of his own, contracted before the partnership. To this deposition the defendant objected ; but it was admitted by the Court, and a bill of exceptions taken.

This deposition was taken under a commission, in which the action was entitled, " *Samuel Dryden* against *Samuel Dryden,* jun. and *Samuel Purviance.*" This was also made a ground of exception to its being admitted in evidence. It appeared, that the defendant had filed cross interrogatories to accompany the commission.

*M'Cullough* and *Duncan,* for the plaintiff in error, contended, that the deposition of *Samuel Dryden,* jun. was inadmissible in evidence.

1. He was a party to the suit. There is no case in which a defendant has been allowed to be a witness. The plaintiff cannot examine the defendant as a witness at law. 2 *Vez.* 222.

2. The witness was interested. He swears to discharge himself from an action for this 1000 dollars, by throwing it upon the partnership. He thereby gets rid of one half of it. Persons who are primarily liable, are not permitted to discharge themselves by their own oath, and throw the burthen on others. *Swift's Ev.* 60.

3. The deposition was not lawfully taken. It was taken in a suit in which issue was not joined ; and which was not

1817.

PURVIANCE
*v.*
DRYDEN, sen.

tried. The witness could not have been indicted for perjury on this deposition. It is true the defendant, *Purviance*, joined in interrogatories. But that would not make the commission good if it were void *ab initio*.

4. The statement was erroneous. It was against two, but the plea, issue, and judgment, were against one. It did not shew what had become of the other defendant. 1 *Saund.* 207. 1 *Lev.* 63.

*J. Riddle* and *Chambers*, contra.

1. There is no positive rule excluding a party to a suit from being a witness. He is generally excluded because he is interested; but if his interest be taken away, there is no reason why he should be incompetent. In *Steele* v. *The Phœnix Insurance Company*,(a) the plaintiff was sworn as a witness. We admit, that he could not be compelled to testify.

2. It does not appear, that he is interested. We do not know the terms of the partnership. If he received the money on the partnership account, he is accountable to the partnership for it. By his testimony he admits himself to be chargeable, and, therefore, he swears against his own interest. In *Lockhart* v. *Graham*,(b) in an action against one of three obligors on a joint and several bond, one of the obligors was held a good witness to prove the execution by the defendant. They also cited 12 *Vin. Ab. Evid.* 21. *pl.* 1, 2. 5. 10. 20.

3. The action was brought against both parties. A commission might have issued before it was known whether both defendants would appear. *Samuel Dryden*, jun. might have appeared at any time before trial. But here *Purviance* exhibited cross interrogatories, on which the witness was examined. We deny that the witness could not be indicted for perjury. They cited *Hawk.* b. 1. ch. 69. sect. 5. 3 *P. Wms.* 195. 5 *Johns.* 150.

4. The statement could be no other than against them both. The plaintiff is to file his statement by the third Term, by the act of 21st *March*, 1806, when he cannot know but that the other defendant may afterwards appear. A declaration is different, because it is not filed till after appearance.

(a) 3 *Binn.* 306.          (b) 1 *Str.* 35.

It appears by the whole record, that only *Purviance* appeared and pleaded, and issue was joined accordingly.

1817.

PURVIANCE
*v.*
DRYDEN, sen.

TILGHMAN C. J. On the trial of this cause in the Court of Common Pleas, a bill of exceptions was taken by the defendant to the admission of the deposition of *Samuel Dryden*, jun., son of *Samuel Dryden*, the testator, for the benefit of whose estate this action is prosecuted. The exceptions to this deposition were of various kinds ; some formal; but one, on the ground of *interest*. The first objection is, that the witness was a *party* to the suit. The writ was issued against him as well as *Purviance*, but he never was summoned, and the action, according to our practice,was carried on against *Purviance* alone. In fact, then, the witness was not a party to the suit, and therefore there is no force in this objection. But, second, it is objected, that this deposition was taken under a commission, in which the action was entitled, " *Samuel Dryden* " against *Samuel Dryden*, jun. and *Samuel Purviance*," which is a different action from that which was tried. This exception is purely technical ; it ought not to prevail, because the defendant so far joined in the commission as to file interrogatories, on which the witness was examined. The Court of Common Pleas, on application to them, would have amended this defect in the title of the commission. It was merely a clerical error, and may be considered by this Court, as if had been amended. The third objection is, that in the plaintiff's *statement*, filed under our act of assembly, he describes his cause of action as founded on the assumption of *the defendants, Samuel Dryden*, jun. and *Samuel Purviance*. This exception, if good, would have operated rather in arrest of judgment than against the deposition ; but there is nothing in it. The statement was introduced by an act of assembly, and stands in the place of a declaration, but is not restricted to any particular form. Its object is, to inform the defendant of the nature of the plaintiff's demand. Now this statement conveyed to the defendant the nature of the plaintiff's demand, with great truth and precision. It told him, that " the demand " was founded on a joint assumption of the defendant and " another person," who not being summoned on the process issued against both, the action was necessarily prosecuted against the defendant alone. It was impossible to give a better description.

The fourth objection is founded on the interest of the witness in the event of this suit. The defendant's argument is, that *Samuel Dryden*, jun. being originally chargeable with the whole amount of the money borrowed of his father, is interested in the plaintiff's recovery, because he thereby throws half of the debt on the defendant. The argument is strong, and I think has not been answered. *Samuel Dryden*, the son, the witness, received from his father, the whole money demanded in this suit; of course, he is *prima facie* answerable for the whole, and if the plaintiff fails in this suit, he must pay the whole. The effect of his evidence then is, to take half of the burthen off his own shoulders and throw it on the defendant's. It is contended, that he swears against his interest, because he confesses himself answerable to the plaintiff for the whole debt. True, he does so; but tracing the consequences of his testimony to their final result, he gets rid of half the debt, to the whole of which he would otherwise be liable. In *Phill. Law of Evid.* 62, it is laid down, that in a case of this kind, a man cannot be a witness, for the reason which I have assigned. Upon the whole, then, I am of opinion, that upon the ground of interest, the witness was incompetent, and the deposition ought not to have been read. The judgment is to be reversed, and a *venire facias de novo* awarded.

GIBSON J. I agree that a partner receiving money on behalf of the firm, is a competent witness to prove that fact, the partnership being proved by other evidence; for he thereby gives an action against himself to his partner, in which it would be incumbent on him to prove the money, so received, was carried into the partnership stock. But beyond this his evidence is not competent. Indeed, in a case strictly analogous, the witness is *entirely* excluded. On an indictment against a township for not repairing a highway, a parishioner is not a competent witness for the prosecution, even to prove the road *to be a common highway*, though it may be said, that to such an extent he charges himself, and his testimony is against his own interest. The answer is, that on the trial of the indictment his evidence has not that tendency; for without the proof of that fact the indictment cannot be sustained, and the witness, by giving such evidence, is supporting a prosecution which, if it succeed, would

have the effect of discharging him and the rest of the pa-
rishioners. *Phillips's Ev.* 56. In the present case, the witness
would clearly be incompetent to prove the partnership, and
for the same reason, after proving he had received the money
on account of the partnership, he ought not to be permitted
to state that *he paid it over to the defendant,* who paid it away
to his separate creditors. If the plaintiff should fail in this
suit, the witness would be liable to him for the whole sum
borrowed, and if it were recovered from him, or he paid it
in discharge of his liability, and sued his partner for a contri-
bution, he would be bound to prove the existence of the part-
nership, and that this sum was employed in the business of
the firm. I think it clear he was incompetent to prove any
fact he would be bound to prove in a suit between himself
and his partner, in which the verdict, as in the present case,
would be evidence. But suppose a recovery here, and a suit
brought against the witness by the present defendant, found-
ed on the admission of the receipt of the money, contained
in his deposition, (and the fact may be susceptible of no other
proof,) to make him account for what he did with it; would
his bare acknowledgment of the fact of receiving, unaccom-
panied by the explanation of the whole transaction which he
has given, be selected as evidence to charge him; or would
not all he has said be taken together; and if believed, would
it not prevent a recovery against him? For he explicitly
states, that the money was handed over to the defendant,
who actually paid it away in discharge of his separate debts.
In case of a recovery, I do not know any other means in the
power of the defendant, to compel this witness to render an
account of the money received, than the admission contained
in this deposition. For assume it as a fact, that the money was,
in fact, not carried into the partnership, or paid over to the de-
fendant, as stated; that the accounts are settled and the con-
cern closed; and it will result, that nothing respecting the trans-
action will appear on the books. It is true, the defendant
might have an action against the witness for a contribution,
in which the record of the recovery in this suit would be
conclusive; but still the witness would be a gainer, and the
defendant a loser of *one-half* of the sum recovered by the
present plaintiff. The witness, therefore, by his own shew-
ing, did not stand equally liable to both parties. It is mani-
fest his interest would induce him to favour a recovery, be-

cause it would dissolve his liability to the plaintiff, without at the same time rendering him liable to the defendant for more than half the same amount.

If any part of this deposition was not competent evidence, it was error to let it go to the jury. To have stricken out the objectionable matter would not, under the circumstances of this case, have made the rest evidence, as all the witness said at the time of deposing, must be taken together on a question of his liability to the defendant. Being himself a defendant on the record, he could not be compelled to give evidence; he was a volunteer. Either to the plaintiff or defendant he is liable, in the first instance, for the whole sum borrowed. If he choose to swear he borrowed it on the credit of the partnership without saying more, he will be permitted to do so; but he ought not to be permitted to discharge by his own evidence, his responsibility to the plaintiff, without at the same time acknowledging his accountability to the defendant for the same amount. On this ground alone, I think the judgment ought to be reversed, and I concur with the Chief Justice, that the other exceptions have not been sustained.

DUNCAN J. gave no opinion, having been counsel in the cause.

> Judgment reversed, and a *venire facias*
> *de novo* awarded.