Gkeen, J.
delivered the opinion of the court.
This action was brought against the plaintiff in error, Vanzant and Adam L. Hyder, as the drawers of a promissory note for .$500, payable to Hudspeth & Simmons, dated August 9th, 1839, and due in four months. The note was endorsed by Hudspeth, and also by Patrick & Co., and the suit was commenced against said Isaac Vanzant and Adam L. Hyder, as also against Hudspeth & Simmons, and the Patricks, endorsers. A noli prosequi was entered as to all the endorsers, and also as to Hyder, one of the drawers. Vanzant pleaded non est factum, and non assumpsit, and the case came on for trial, against him alone. The plaintiffs introduced said Adam L. Hyder as a witness, by whom they proved that the note was signed by him, in the name of Vanzant & Hyder. The defendant objected to the competency of the witness, but the court overruled the objection; and the witness on being further examined deposed, that he and Vanzant, in the year 1834, entered into a written agreement to carry on the grocery business, in Salem, in partnership; that they commenced and carried on said business for several years in partnership; that they obtained a grocery license in 1837, which he thinks expired in August, 1838, about which time they disagreed and quit business, and that the note in controversy was given to the plaintiffs the day it bears date, for a balance then ascertained to be due on a settlement of their previous dealings and accounts for groceries purchased of the plaintiffs for the concern of Vanzant & Hyder.
The bill of exceptions states, that the evidence of Hyder was the only testimony offered as to the execution of the note, but that there was other evidence as to the partnership. This other evidence is not set out in the bill of exceptions.
1st. Upon this state of the record, the qustion is, whether Hyder, the co-partner of the defendant, was a competent witness for the plaintiffs, for any purpose; and if so, for what purpose. In the case of Blackett vs. Weir, (5 Barn. & Cress. 385, 11 Com. Law Reports,) one Gibson was called to prove that the defendant had a share in the concern, who admitted on his voir dire, that he also was a partner. It was objected for the defendant, that the witness was incompetent. The objection was overruled, and the plaintiff obtained a verdict. Upon a rule to enter a nonsuit, the court held, that the witness was competent, and the rule was discharged.
*108 Bayley, J, said, “The only difficulty arises from his proving a “partership with the defendant; but his testimony would not prove “ that in any other action; and if the defendant can hereafter “make out, that he was not a partner, I think that he may perhaps “ at law, and certainly at equity, recover from the witness, all that “ he is compelled to pay in this transaction.”
Holroyd, J. said, “It has been argued, that unless the defendant “ were fixed with a part, the witness might be made liable to pay “ the whole debt. But it appears to me, that the defendant would “have a right to recover from the witness, in an action at law, for “ money paid to his use, the whole sum recovered in this action, if “ he could show, that the witness was originally liable to pay it.”
Littledale, J. said, “If he fails, he may sue the witness for the “ whole, and the latter may then claim contribution from the de- “ fendant. To this, it is answered, that in such an action he might « not be able to establish that the defendant was a partner. But it “ must be remembered that the admission of the witness is the only “proof of his own liability: it is, therefore, only reasonable to “ take the whole of his evidence together, and that showed the de- “ fendant was jointly liable.”
I have quoted thus largely from this case, to show the reasons upon which the decision was made. Bayley, J. thinks the defendant may recover, at least in equity, the whole amount of the witness, if he can make out that he was not a partner; and Holroyd, J. thinks the whole sum might be recovered of the witness, if the defendant could show, that the witness was originally liable to pay it. Thus, according to this case, it is right to make the defendant liable for the whole debt upon the evidence of this witness, and turn him over to an action against the witness, in which, to entitle him to recover the whole, it is admitted by the court, he must prove that he was not a partner. And how is he to prove this negative ? If there were other testimony by which the fact could be established, the plaintiff would not need the evidence of the co-partner. But if there be no such evidence of the fact of partnership, how much less likely is it that there should be evidence, that there was no such partnership? How could any other person know, that there was no such partnership between the witness and the defendant? To subject a man to the payment of a sum of money, upon such evidence of partnership, and turn him over to an action against the witness, telling him, that he can recover the *109 whole, if he can prove that there was no such partnership, seems to us to be unreasonable, and unjust. This, Mr. Justice Littledale felt to be a difficulty, but instead of attempting to obviate it, by an argument, he contented himself with saying: “But it must be “ remembered, that the admission of the witness, was the only “ proof of his own liability; it is, therefore, only reasonable to take •“'the whole of his evidence together; and that showed the defendant to be liable.” This is a perversion of the rule of law. It applies to cases where the statement offered in evidence is .against the party making it, or against a partner proved to be such by other evidence, than that of the co-partner. Peake’s Evid. 55: 1 Gall. Rep. 638. But even this, as to the co-partner is questionable. 3 John. Rep. 536: 15 John. Rep. 409. But here Gibson had admitted his own liability upon his voir dire: the [statement in relation to the defendant’s liability as a co-partner, was made after the objection to the evidence was overruled, and the witness was sworn in chief; so that there is not only a perversion of the rule of law, but a misconception of the fact. The case of Blackett vs. Weir, however, was subsequently followed in the case of Hall vs. Curzer, (9 Barn. & Cress. 646: 17 Com. Law Rep. 466.) In that case, the witness was proved to be a shareholder by other evidence than his own admission, but the court ruled, that, that fact did not distinguish the case, in principle, from the case of Blackett vs. Weir. Without attempting to fortify that case by additional reasoning, the court submit to its authority, and determine that the witness was competent.
But in the case of Purviance vs. Dryden, 3 Serg. & Rawle, 402, the reasoning of the court commends itself to our understanding with greatly more force than that we have adverted to in Blackett vs. Weir. In the case of Purviance vs. Dryden, a summons in debt issued against two partners, but was served on one only, and he alone appeared. At the trial, which proceeded against such partner alone, the other partner was offered by the plaintiff as a witness to prove, that the witness received the money for which the action was brought, on account of a firm consisting of himself and the defendant, and that he paid it over to the defendant, who paid it away principally for debts of his own, contracted before the partnership.
Tilghman, C. J. said, “The witness received the whole money “demanded in this suit; of course, he is prima facie, answerable *110 “ for the whole, and if the plaintiff fails in this suit, he must pay “ the whole. The effect of his evidence then is, to take half the “ burthen off his own shoulders, and throw it on the defendant’s. “ It is contended that he swears against his interest, because he “ confesses himself answerable to the plaintiff for the whole debt. “ True he does so; but tracing the consequences of his testimony “ to their final result, he gets rid of half the debt, to the whole of “ which he would otherwise be liable.”
We concur with this reasoning, and think that a co-partner of a defendant, cannot be a witness to prove the partnership. He is interested to create a joint responsibility with himself, and, therefore in the language above quoted, to throw half the burthen on the defendant’s shoulders, the whole of which would otherwise rest on himself. But when the partnership is proved by other evidence, or admitted, the plaintiff may call one of the partners- to prove other parts of the case. Coll. on Part. 457: 1 Gallison, 630. In such case, the witness is interested to defeat the plaintiff’s claim, because he will be liable to contribution, should there be a judgment against his co-partner. In the case before the court, we are told in the bill of exceptions, that the witness was called to prove the execution of a note, and that there was other evidence as to the partnership. What the other evidence was, we are not informed, and the witness was examined as to the partnership. This should not have been done; and we cannot tell, how much influence it had with the jury, in finding against the defendant on the plea of non est factum.
But there is another question in this case: the note upon which the action was brought, was executed by Hyder, in the name of Vanzant & Hyder, the 9th of August, 1839. According to Hyder’s testimony, he and the defendant disagreed, and quit business in August, 1838. This note having been executed after the dissolution of the partnership, (if due notice were given of that fact,) would not be binding on Vanzant. “After the dissolution of a “ partnership to which the necessary publicity has been given, the “ partners become so disunited in interest that one cannot by any “contract or engagement' implicate the credit of the others.” Gow on Partnership 310: Collyer on Partnership 311: 3 Johnson’s Reports, 536: 15 Johnson’s 409, 424: 1 Peters’ Reports, 372. In 1 Peters’ Reports, 371 et seq. it is held, that after the dissolution, one partner cannot cieate anew cause of action. *111 binding on the co-partner. And in 1 Nott & McChord’s Rep. 561, it is held, thet he cannot renew a note in bank in the partnership name, although during the co-partnership, the firm had written to the president and directors, requesting to be permitted to renew 'their note, until the expiration of a certain time, during which time the renewal was given, but subsequent to the dissolution. The next question is, whether Hyder, the partner, is a competent witness for the defendant, to prove that the dissolution of the firm took place before the note was executed. It is laid down in Gow on Part. 239, and also in Collyer on Part. 461, that even though his evidence tend to onerate himself, a co-partner cannot be a witness for the defendant. Both of those authors refer to the case of Goodacre vs. Breame, Peake’s N. P. C. 174, in which they report Lord Kenyon to have said, “By discharging the defendant he ben- “ efits himself, as otherwise he will be liable to pay a share of the “ costs to be recovered by the plaintiff.” But, with deference, it is difficult to conceive how a witness who, by his evidence takes the entire debt upon himself, is interested to give that evidence, because he thereby saves himself from the liability to contribute half of the costs that might be recovered. It would rarely happen, that the costs would exceed the amount of the debt sued for; and if the witness, by his evidence, charge himself with half the debt, and exonerate himself from half the costs, it would seem that his evidence for the defendant would be against his interest. And so it is held in the American courts. In Grant vs. Shurter, 1 Wendell Rep. 151, it was held that in an action against the administrators of a deceased partner, the surviving partner is a competent witness to prove the partnership, for by proving a fact which defeats the plaintiff’s action, he still remains liable, and cannot be benefited by such failure to recover. In Robertson vs. Mills, (2 Harris & Gill, 98, as reported in a note to page 462, of Collyer on Partnership,) the action was against two partners on a note signed with the name of the firm; one only was arrested. It was held that the other partner was a competent witness to prove that the note was given by himself for his separate debt to the plaintiff, and that when he signed the note, he informed the plaintiff, that he was not authoris-ed to sign the partnership name.
This case is expressly in point; and as the contrary doctrine is supported by a single nisi priics case only, with the reasoning of which, we cannot concur, we feel at liberty to disregard its au- *112 t'hority and follow the cases above cited. We are, therefore, of opinion:
1. That a co-partner of the defendant is not a competent witness for the plaintiff to prove the partnership.
2. That he is competent, the partnership being admitted, or clearly established by other evidence to prove the justice of the plaintiff’s demand.
3. That in general, he is not a competent witness for the defendant; but,
4. That he is competent to prove that himself, and not the defendant is liable.
The consequence of these positions, in the case now before us, is, that the testimony of Iiyder, as to the existence of the partnership, whereby to charge Vanzant, was inadmissible; but that his evidence, proving the execution of the note by himself, and the dissolution of the partnership before„that time, was properly received.
Let the judgment be reversed, and the cause remanded for another trial.