## Ralph *against* Brown.

A plea in abatement may be set aside or treated as a nullity, if pleaded out of time, or if it be otherwise irregular, but not for insufficiency; the proper course, in such case, is to demur.

The pendency of a bill in equity in another State, to have a discovery of the debtor's effects, under a statute of that State, and an injunction to prevent him from disposing of them, is not the subject of a plea in abatement of a subsequent action for the same cause here.

An original paper in the hands of a person who cannot be reached by the process of the court, so as to compel its production, may be proved by parol.

It is not a good objection to the competency of a witness produced by a defendant, that he has an interest in the plaintiff's recovery.

In an action upon a note given in the State of New York, the plaintiff is entitled to recover interest at the rate of seven per cent. per annum, according to the law of that State.

ERROR to the Common Pleas of *Dauphin* county.

Peleg Brown against Nathan Brown and George W. Ralph. This was an action of debt founded upon a judgment obtained in the Supreme Court of the State of New York.

The writ was issued to January term 1840, and was served upon Ralph alone, who appeared, and in July 1840 pleaded in abatement the pendency of a bill in the Court of Chancery in the State of New York, between the same parties, for the same cause of action. The court granted a rule, at the instance of the plaintiff, to show cause why this plea should not be quashed. On the argument of this rule it appeared that the bill filed in the Court of Chancery of New York, prayed a disclosure of the defendant's property, and an injunction to prevent a fraudulent transfer of it.

The court below was of opinion that the pendency of a suit in

another State was not the subject of a plea in abatement of an action for the same cause here; and that the proceeding there pending in Chancery being a mere bill of discovery, and praying an injunction, was not such a proceeding as would abate an action at law here; and therefore struck off the plea in abatement and ordered the defendant to plead to the action. The defendant then pleaded payment with leave, &c. and subsequently " that Andrew Dimmock, of the city of New York, was, at the institution of this suit, a party in interest in the judgment on which this suit is founded." The defendant also pleaded specially " that after the obtaining or rendition of the judgment in the said declaration mentioned, and before the impetration of the writ on which the above-stated declaration is founded, to wit, on the 1st day of August 1838, at the city of New York, the said plaintiff, by the name of Brown & Dimmock, per Peleg Brown, a certain writing of release, sealed with his seal, and by certain other persons whose names were thereto subscribed, and their seals affixed, the date whereof is the day and year aforesaid, (which said writing of release being in the possession of the said Peleg Brown or in that of his copartner, and party in interest in the above suit, Andrew Dimmock of the said city of New York, the said George W. Ralph cannot now produce or to the court here show,) did remise, release and for ever discharge a certain Nathan Brown, a former copartner of the said George W. Ralph, and also a co-defendant with the said George W. Ralph in the judgment upon which the above declaration is founded, of and from all debts, claims and demands whatsoever, due or owing to the said Brown & Dimmock, (or him the said Peleg Brown), by the said Nathan Brown individually, or as a copartner of Brown & Ralph, of Rodman, Jefferson county, New York, (the said firm of " Brown & Ralph," the said George W. Ralph avers to have been composed of the aforesaid Nathan Brown and the said George W. Ralph, the persons named in the writ aforesaid), as by the said deed or writing of release, reference being thereunto had, will fully appear. And this, he, the said George W. Ralph, is ready to verify; wherefore he prays judgment if the said Peleg Brown ought to have or maintain his aforesaid action against him."

Issues were joined upon these pleas.

Upon the trial the defendant offered in evidence the release of Nathan Brown, signed by a number of his creditors, and among them, " Brown & Dimmock, per Peleg Brown," as follows:

*New York, August* 1, 1838.

" For and in consideration of the sum of $1, to us in hand paid by Nathan Brown, per Henry J. Youngs, the receipt whereof is hereby acknowledged, we do hereby acquit, release and discharge said Brown of and from all debts, claims and demands whatsoever, due, or owing to us by said Brown individually, or as a copartner

of the late firm of Brown & Ralph, of Rodman, Jefferson county, New York."

And with it offered the deposition of Andrew Dimmock, the material part of which is as follows:

"Since the month of July 1834, I know, by Peleg Brown's admission, and the receipt hereunto annexed, that he received $63 of Nathan Brown, but whether in full satisfaction of all "judgments, claims and demands, due or owing to the said Peleg Brown by Nathan Brown," I cannot say, as he did not in said admission use said terms. I distinctly understood that he, Peleg Brown, had discharged Nathan Brown from all individual liability on account of all debts due by Brown & Ralph. A true copy of the receipt of Brown & Dimmock, signed by Peleg Brown, and given on the settlement of Nathan Brown's liability, connected with the judgment against Brown & Ralph, is hereto annexed, marked Exhibit A. I have compared said copy with the original, and know it to be a true copy."

" Brown & Ralph were indebted to Brown & Dimmock on the 28th July 1838. The firm of Brown & Dimmock was composed of Peleg Brown and Andrew Dimmock. On the 28th July 1838, Nathan Brown paid $63 to Peleg Brown, one of the partners of Brown & Dimmock, who at the same time discharged Nathan Brown individually, by a release in writing, (a true copy of which is annexed, marked Exhibit B, being a true copy of the original now produced. Previous to this payment an agreement of compromise, (now produced), a true copy of which, marked Exhibit C, was executed between the parties thereto; and these are all the papers I know of connected with said settlement). *The paper inquired for, dated August* 1st, 1838, *is the Exhibit A, annexed. The originals of the copies annexed, are in the possession of witness, but he has no right to deliver them up, and therefore declines to do so.*"

" The claim of Brown & Dimmock against Brown & Ralph, was a negotiable note of hand. Brown & Dimmock sent the note to G. C. Sherman, attorney at Watertown, Jefferson county, in the year 1834, to be collected, and Brown & Dimmock have since paid Mr Sherman his costs for serving the same, and obtaining the judgment. The firm of Brown & Ralph became insolvent in 1838, (and their firm was dissolved in that year). The note above referred to, was drawn by Brown & Ralph, but in whose favour don't now recollect; don't know, of my own knowledge, that judgment was obtained; believe it was. Sherman was paid his costs for entering up the judgment as stated. Don't know positively in whose name the judgment was entered up; believe, in the name of Peleg Brown; and it is the same debt on which witness believes this suit is instituted."

To this evidence the plaintiff objected, and the court rejected it, on the ground that from the face of the deposition, the release and all the material facts referred to were in writing and should

[Ralph v. Brown.]

have been produced. And in the second place, that the defendant had pleaded in bar that Dimmock was a party in interest in this suit, and therefore he could not be compelled to testify; and that the presumption was that he would not have given his deposition, had that plea been pleaded before it was taken, if such was the case. The defendant excepted to the opinion of the court.

The court, at the request of the plaintiff, instructed the jury that the plaintiff was entitled to recover interest at the rate of seven per cent. per annum.

*Fisher,* for plaintiff in error, contended that the plea in abatement was good, and cited 1 *Chit. Pl.* 331; 8 *Watts* 460; 3 *Rawle* 320; 9 *Serg. & Rawle* 252; 10 *Serg. & Rawle* 240; 2 *Watts & Serg.* 207, 213. It was not in the power of the defendant to produce the release pleaded, or to make profert of it, because it was in the possession of the other party. It was, therefore, as lost to the defendant, and a copy of it may be proved and given in evidence. There was no necessity of giving a special notice to produce it; the pleadings were a sufficient notice to the plaintiff. 1 *T. R.* 158; 8 *Watts* 77; 10 *Serg. & Rawle* 194; 9 *Watts* 433; 5 *Watts* 536.

*Hamilton Alricks,* for defendant in error. The plea in abatement was out of time; it should have been after special imparlance, and within four days after narr. filed. 1 *Penn. Prac.* 269; 1 *Chit. Pl.* 448. Apart from the consideration that the proceedings in chancery here pleaded, were founded upon a mere bill of discovery, and praying an injunction against a fraudulent concealment, the pendency of a personal action in a foreign country cannot be pleaded in abatement or bar of an action here. 9 *Johns* 221; 12 *Johns* 99; 4 *Cowen* 521; 7 *Paige* 85.

The opinion of the Court was delivered by

Gibson, C. J.—The plea in abatement, filed, as this was, after the period allowed for a general imparlance, might be properly set aside or treated as a nullity, (*Tidd's Pr. Troub. Ed.* 730); but not for the reason assigned, that the matter contained in it was insufficient, though it was in fact so. The proper course for that, is to demur; but not to strike off or sign judgment, which can be done only when the plea is out of time, or otherwise irregular. Thus in *Thellusson* v. *Smyth,* (5 *T. R.* 152), it was held that to warrant the signing of judgment for want of an issuable plea under a Judge's order, it must appear that the one pleaded is a dilatory plea on the face of it; for that, if it go to the substance of the action, however bad it may be in itself, the plaintiff must demur: and in *Coppin* v. *Carter,* (1 *T. R.* 462), the court refused to consider not guilty as a nullity when pleaded to an action of debt on a penal statute. The court was, therefore, right, but for a bad

reason. Yet the substance of the plea was palpably bad; not, perhaps, because the pendency of an action in another State may not be pleaded in abatement of a subsequent action for the same cause here, but for the reason that the bill in equity pleaded here, was not in fact for the same cause. The suit pending below, was an action of debt on a judgment; and the bill pending in the chancery of New York, was not to enforce the judgment, but to have a discovery of the debtor's effects under a statute of that state, and an injunction to prevent him from disposing of them. The pendency of a bill in equity may doubtless be pleaded to a subsequent bill for the same cause; but surely, the execution of a judgment at law has not been committed to a court of chancery in any of the American States, though the power of such a court may be conveniently employed, as it was in this instance, as an ancillary one. But though the course of the court below was right in relation to the actual state of the case, it was wrong in relation to the case assumed; and we cannot but lament the disorder and looseness of practice which a course so summary would, in any other case, have a tendency to produce.

The rejection of Dimmock's deposition, with the copy of the release which accompanied it, was an error. The original paper was in the hands of a person who could not be reached by the process of the court; and it was as much beyond the defendant's power to compel the production of it, as if it had been destroyed. That person had reason to retain the custody of it, as it contained other releases which were incorporated with it; but whatever the reason, it was enough that he did not choose to part with it. What could the defendant do? He had proved the execution of the original by the plaintiff's admission, which, as the testimony of the subscribing witness had not been called for, was sufficient to go to the jury; and he had proved the faithfulness of the copy by a witness who had compared it with the original. The court rejected the whole, because it appeared on the face of the deposition, as it was said, that the material facts referred to by parol, were in writing; and that as the interest of the witness was pleaded in bar, it was to be presumed he would have refused to testify, had he known that he was to be treated as a party.

His testimony, however, was not adduced to prove the judgment or the contents of the release; but to show what the plaintiff had said in relation to their existence. The judgment itself had been produced by the plaintiff, and a copy of the release was offered by the defendant in connection with the parol evidence to make way for it as proof of the contents of the original. The witness might certainly speak of them as matters of inducement to the copy; and the deposition, therefore, contained nothing that was secondary.

Nor is there more force in the reason that the witness must now be taken to be a party in interest. His testimony was adduced

to operate against his supposed interest; as in *Purviance* v. *Dryden*, (3 *Serg. & Rawle* 402), where the testimony of a defendant, sued but not taken, was received for the plaintiff. What was this plea of interest? If it was anything but a plea in abatement for the non-joinder of the witness as a party to the original contract, it was insensible and void. But it could not be received as a plea in abatement, not only because it was out of time, but because the original contract had merged in the judgment on it which had been rendered in favour of the plaintiff alone; and which is the foundation of the present action. As a plea in bar, it did not answer the declaration; for it will not be said that an action cannot be maintained on a judgment by the legal party, if another have a beneficial interest in it. It could be maintained in the name of no one else; and though it might be marked to the use of another, in order to show a particular interest, yet that is not so indispensable that the omission of it can be pleaded in bar; it is a matter between the actual and the nominal plaintiff, with which the defendant has no concern, the legal title being enough for a recovery against him. The plea, therefore, was a nullity in every respect, and ought not to have been received. But being received, it did not change the position of the witness. If he was a party in interest after it, he had been a party in interest before it. Nor is the effect of it to subject him to liability even for costs; for to do that, would be the province of the court, not of the jury. But a witness cannot refuse to answer, though his testimony may subject him to a civil liability. That principle was settled by *Baird* v. *Cochran*, (4 *Serg. & Rawle* 397), and *Nass* v. *Vanswearingen*, (7 *Serg. & Rawle* 192), as it was in England at the same time, by statute. Besides, a witness may choose to testify against his interest, and who is to prevent him? It is said this witness might perhaps have refused to be examined, had he known that he was to be treated as a party. What then? The exemption of a witness from examination is his privilege, not that of the party against whom he is produced. If he do not demur, no one else can; for he is the person to be protected. Nor is the violation of his right a subject of exception; for no one else is injured by it. If the suppression of the evidence were the right of the party, he might enforce it where the witness might be willing to waive it; but though the Judge ought to advise the witness of his privilege, (*Southard* v. *Rexford*, 6 *Cow.* 245), he cannot compel him to exercise it. The court went too far, then; for there is no reason to presume the witness would have refused to testify had he known that the plea would be filed.

There was no force in the objection to the evidence as it was put before the court. It was, indeed, held in *M'Reynolds* v. *M'Cord*, (6 *Watts* 288), as it is laid down in the text-books, (1 *Stark. Ev.* 341), that proof of execution by the subscribing witness, where there is one, must precede the proof of contents; but no objec-

tion seems to have been made on that ground, and the defect may be supplied for the time to come. It is scarce necessary to say, that the rate of interest prescribed was the proper one.

<div align="center">

Judgment reversed, and *venire de novo* awarded.