# Moddewell *against* Keever.

One of several partners, who are plaintiffs in an action, if he be willing to testify, is a competent witness for the defendant.

A general assignment for the benefit of creditors by one who is a member of a partnership, gives to his assignee no control over the partnership funds or claims, so as to enable him to receive or release them.

ERROR to the Common Pleas of *Clarion* county.

This was an action of debt, by Wm. F. Keever & Co., against A. P. Moddewell, which originated before a justice of the peace and came into the Common Pleas by appeal.  After the plaintiff had established his cause of action, the defendant proved that George B. Hamilton and James Humes were members of the firm of Wm. F. Keever & Co., plaintiffs, and then offered the assignment of George B. Hamilton and wife, and James Humes and wife, dated 4th June 1840, for the purpose of proving that George B. Hamilton and James Humes had no interest in this suit, and that John F. Steinman was the assignee of James Humes and George B. Hamilton; and offered to pay into court all the costs that had accrued or might accrue in this case, for the purpose of making a witness of George B. Hamilton.  The plaintiffs objected: the court sustained the objection and sealed a bill of exception.

The defendant then offered the above assignment, together with a receipt of John F. Steinman to the defendant for the full amount of the claim made in this suit.  This, upon objection by the plaintiff, was rejected by the court, who sealed another bill of exception.

*Gilmore,* for plaintiff in error.
*How,* for defendant in error.

[Moddewell v. Keever.]

The opinion of the Court was delivered by

GIBSON, C. J.—The exclusion of the general assignment by Hamilton and Humes, which was offered to make way for Hamilton as a witness for the defendant, by showing that he had parted with his interest in the matter in contest as a plaintiff, was virtually a decision that he was incompetent to testify, even voluntarily, against himself and his co-plaintiffs. Such, however, is not the principle which governed this court in *Purviance* v. *Dryden*, (3 *Serg. & Rawle* 402), in which a partner, sued but not summoned, would have been deemed competent, had he not been produced to cast on his co-partner the moiety of a burthen which would otherwise have rested on himself. As a party plaintiff, Hamilton was competent to testify against his fellows and himself; as anything else he was competent to testify against all the world; and, either way, the release or the deposit to answer costs was unnecessary.

But the acquittance given by the attorney of Steinman, the general assignee of Hamilton and Humes, was properly rejected. What had passed by it? Certainly no right to manage or control the partnership effects, or any interest in them except the assignor's share of the stock and profits after payment of the joint creditors. There was, consequently, no incidental delegation of power to receive or receipt for the debts due to the firm. A partner himself has no more than a resulting interest in the stock, to be ascertained by a settlement of the partnership account, and he can transfer no more. So far is the principle carried in equity that solvent partners are entitled to an injunction to stay execution of the joint effects, for a separate debt, till the accounts are taken; and if it turn out that the debtor has nothing in the stock, the injunction will be made perpetual, as it was in *Taylor* v. *Fields*, (4 *Vez.* 396), and *Barker* v. *Goodair*, (11 *Vez.* 85). And the common law courts act on the same principle, though it is not so easy for them to carry it out. It seems to be settled, that a purchaser of an interest in the joint effects under a separate execution, is a tenant in common with the other partners, and subject to their equities against the partner whose interest he has acquired. The decision of Lord Holt in *Heydon* v. *Heydon*, (1 *Salk.* 392), went not so far as to make him a partner. If, then, he is neither a partner, nor the owner of the thing, of what avail is his acquittance or release of a partnership chose in action? It has been said in *Deckert* v. *Case*, (5 *Watts* 22), that a partner may assign the whole joint effects. Perhaps he may; but only as the agent of the firm and by an act done in its name: not by his separate act or by suffering them to be sold for his separate debt. It was strongly doubted in *Pierpont* v. *Graham*, (4 *Wash.* 232), whether one partner has power to assign for the benefit even of the joint creditors; and the doubt has not been solved by *Deckert* v. *Filbert*, (3 *Watts*

[Moddewell v. Keever.]

454), in which the power was denied to exist after dissolution of the partnership. Certainly, it has not been supposed that he could use it under any circumstances for the benefit of his separate creditors. If, as was held in *Noble* v. *M'Clintock*, (2 *Watts & Serg.* 142), a partner has not power to bind the firm for his separate debts without the assent of his co-partners, he has no greater power to apply the property of the firm to payment of them. These general assignments usually contain a clause empowering the assignee to collect the debts; but it is to be construed according to the subject matter of the assignment to which it relates; and if the assignment does not pass the joint effects, the power does not extend to them. Nor was the assignor competent to delegate it more widely. Though a partner's general assignment works a dissolution of the partnership, yet the partner having the possibility of an interest after payment of all his debts, either retains the power of a partner, to act in closing the concern, or his capacities as a partner are extinguished. But they certainly cannot be transferred. The relation of partnership being contracted in reciprocal reliance on the personal qualities of the partners, is a confidential one; and one of them cannot introduce a stranger into the firm without the consent of the rest, or delegate his power to a person on whose qualities no such reliance has been placed. In *Marquand* v. *The New York Company*, (17 *Johns.* 528), it was said by Chancellor KENT, with the assent of Mr Justice WOODWORTH, in delivering the unanimous opinion of the court of errors, that a general assignment by a partner is a dissolution of the partnership; for that, as his interest in the capital stock is liable to his separate debts, his creditors are entitled to it without being involved in the risks and responsibilities of a partnership. And the converse is equally true. Their trustee cannot involve the solvent members of the firm in a partnership with him without their consent. Every partner is the accredited agent of all the rest; and therefore it is, that the act of a single partner for purposes within the scope of the business, is the act of the firm. Were it not for the decision of this court in *Tillier* v. *Whitehead*, (1 *Dall.* 269), in which it held that the deputy of a partner might sign or endorse notes, or accept bills, in the name of the firm, I would say that though each partner is the separate agent of the firm, he cannot delegate his power to perform a joint act, not only because a deputy cannot depute without special license, but because such a delegation would change the conditions of the association. It was said in *Tillier* v. *Whitehead* that each partner is a principal. He is doubtless so as regards his personal interest in the concern; but an agent as regards the interests of his associates. He would scarce seem, therefore, to be warranted by principles drawn from analogy in committing the stewardship of their property to a stranger. But, without pronouncing on the

VIII. — 9　　　　　F *

authority of that case as a precedent, it is enough to say that the acquittance of the assignee which was offered in evidence in the case before us, was properly rejected.

Judgment reversed, and *venire de novo* awarded.